

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. A. Van Slyke
County Attorney
Ft. Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-6342
Re: Refund proportionate part
tax paid county for pack-
age store permit, where
permittee operated package
store two months then
changed name of said store
without changing location,
obtained a new permit and
voluntarily paid county an-
other tax therefor.

Your written request for an opinion of this depart-
ment on the above proposition reads as follows:

"One of the citizens of our county purchased
a package store permit several weeks ago and oper-
ated the package store under his name. The coun-
ty's portion of the tax on said permit was $62.50,
which covered a period of twelve months. Two
months after purchasing said permit the owner of
this package store changed the name of said pack-
age store and therefore bought a new permit under
the new name for which he paid another tax to the
county in the amount of $62.50. The owner of
said permits is now claiming that he is entitled
to a refund of the tax paid on the first permit
for the unused portion thereof, equal to ten months.

"We would appreciate your opinion as to wheth-
er or not the county is authorized to refund to the
owner of the package store permit the proportionate
part of the tax paid therefor when said permit has
been cancelled within two months after its issu-
ance and a new permit taken out and the full years
tax paid on said new permit."

Honorable L. A. Van Slyke, page 2


We conclude from the facts stated in your opinion request that the payment of the tax in each instance was voluntary on the part of the permittee and that it was no fault of the county that he obtained the second permit or that the first permit was cancelled, if it was.

In this State the law seems well settled that where a person voluntarily pays a tax he has no claim for repayment. 26 R.C.L., p. 455, Sec. 411; City of Houston vs. Feiser, 76 Tex. 365, 13 S. W. 866; Galveston City Co. vs. City of Galveston, 56 Tex. 466; Gaar, Scott & Co. vs. Shannon, 52 Tex. Civ. App. 634, 115 S. W. 361 (writ ref.), and authorities cited on page 364. This case was affirmed by the United States Supreme Court, 223 U. S. 468, 32 S. Ct. 236, 56 L. Ed. 510; Austin Nat. Bank of Austin vs. Sheppard, 71 S. W. (2d) 242.

In view of the above authorities, this department is constrained to hold that the owner is not entitled to a refund of the tax paid on the first permit for the unused portion thereof, and the county was not authorized to refund the proportionate part of the tax paid therefor if and when said first permit was cancelled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jesse Owens
Jesse Owens
Assistant

APPROVED DEC 15, 1944

ATTORNEY GENERAL OF TEXAS

JO:db